# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOGDAN WEGRZYN <br> ANNA WEGRZYN, <br><br>      Plaintiffs <br><br>      v. <br><br> AMERICAN LENDING SOLUTIONS, LLC <br>     and <br> ALS RESOLVION, LLC <br>     and <br> AMERICAN LENDING SOLUTIONS CORP. <br>     and <br> IFA GROUP, INC. <br> d/b/a IFA GROUP <br><br>      Defendants. | DOCKET NO.: **18 3571** <br><br> A CIVIL ACTION <br><br> JURY TRIAL DEMANDED <br><br><br> **FILED** <br> **AUG 2 2 2018** <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

## DEFENDANTS AMERICAN LENDING SOLUTIONS, LLC, ALS RESOLVION, LLC, AND AMERICAN LENDING SOLUTIONS CORP.'S NOTICE OF REMOVAL

Defendants American Lending Solutions, LLC, ALS Resolvion, LLC, and American Lending Solutions Corp. (collectively, "Removing Defendants"), by and through their counsel, Bruce S. Luckman and Michael Dube of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., hereby file the within Notice of Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and in support thereof aver as follows:

1.     On January 26, 2018, Plaintiffs Bogdan Wegrzyn and Anna Wegrzyn (collectively, "Plaintiffs") commenced an action captioned Bogdan Wegrzyn and Anna Wegrzyn v. American Lending Solutions, LLC, ALS Resolvion, LLC, American Lending Solutions Corp., and IFA Group, Inc., d/b/a IFA Group via Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, which action was assigned Docket No. 180104377 by the Prothonotary ("State Court Action").

-1-

2.      A true and correct copy of the Writ of Summons is attached hereto as **Exhibit "A."**

3.      The service of the Writ of Summons did not commence the thirty-day time frame within which removal can occur. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005).

4.      On August 3, 2018, the Plaintiffs filed their Complaint in this matter ("State Court Complaint"). A true and correct copy of the State Court Complaint is attached hereto as **Exhibit "B."**

5.      The State Court Complaint was received by ALS Resolvion, LLC on August 4, 2018, at the very earliest.

6.      No further pleadings have been filed, and no further proceedings have been had, in the State Court Action.

7.      Removal is timely because thirty (30) days have not expired since the State Court Complaint was received. See 28 U.S.C. § 1446(b)(1).

8.      The Removing Defendants have sought and obtained consent to remove from the remaining Defendant, IFA Group, Inc., d/b/a IFA Group.

9.      The State Court Action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 because the State Court Complaint alleges that all Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and seeks money damages pursuant to same. See Exhibit A, ¶¶ 29-35.

10.     The Removing Defendants expressly deny violating the Plaintiffs' FDCPA rights, if any, and expressly deny violating any provision of the FDCPA respecting any interactions or communications with Plaintiffs. The Removing Defendants reserve all defenses under the FDCPA and otherwise in connection with the allegations of the State Court Complaint.

-2-

11.     Because the State Court Action arises out of an alleged violation of the FDCPA, however, it presents a federal question.

12.     As the State Court Action is a "civil action arising under the Constitution, laws, or treaties of the United States," this Court has original subject matter jurisdiction over same pursuant to 28 U.S.C. § 1331, regardless of the amount in controversy.

13.     Furthermore, as the State Court Action is between citizens of different states, the Complaint potentially seeks in excess of $75,000, exclusive of interest and costs, and no Defendant is a citizen of the Commonwealth of Pennsylvania, this Court has original subject matter jurisdiction over same pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

14.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the Plaintiffs commenced the original State Court Action in this District. See 28 U.S.C. § 112(c); see also id. § 1441(a).

15.     Pursuant to 28 U.S.C. § 1446(a), all pleadings served upon the Removing Defendants are attached hereto.

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs, and a copy of this Notice of Removal will be duly filed with the Prothonotary of the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendants American Lending Solutions, LLC, ALS Resolvion, LLC, and American Lending Solutions Corp. respectfully request that the above-described action now pending in the Philadelphia County Court of Common Pleas be removed to this Court.

Dated: August 22, 2018                          Respectfully submitted,

                                                SHERMAN, SILVERSTEIN, KOHL,
                                                ROSE & PODOLSKY, P.A.

                                By:             _____

                                                Bruce S. Luckman
                                                Michael Dube
                                                308 Harper Drive, Suite 200
                                                Moorestown, NJ 08057
                                                Telephone: 856-662-0700
                                                Facsimile: 856-488-4744
                                                E-Mail: bluckman@shermansilverstein.com

                                                *Attorneys for Defendants American Lending
                                                Solutions, LLC, ALS Resolvion, LLC, and American
                                                Lending Solutions Corp.*

-4-

# *EXHIBIT A*

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd  5th fl  at 02 00 PM - 10/29/2018
You must still comply with the notice below  USTED TODAVIA DEBE CUJPLIR CON EL AVISO QUE APARECE ENDEBAJO
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties
There is no right to a trial denovo on appeal from a decision entered by a Judge

# Commonwealth of Pennsylvania

COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
26 JAN 2018 03 42 pm
M MILLER

COURT OF COMMON PLEAS
Trial Division

BOGDAN WEGRZYN

ANNA WEGRZYN

4471 E. THOMPSON STREET

PHILADELPHIA, PA 19137

Plaintiff(s) Name(s) & Address(es)

_____ _____ __ __TERM, 20____

NO._____  .

VS
AMERICAN LENDING SOLUTIONS

LLC

8927 JM KEYNES DRIVE

CHARLOTTE, NC 28262

Defendant(s) Name(s) & Address(es)

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly issue a Writ of Summons in the above captioned civil action.

Date: 1/26/2018

*Signature of Attorney or Plaintiff(s)*

Michael P. Forbes, Esquire

Print Name

200 Eagle Road, Suite 50

Address

Wayne, Pa 19087

610-293-9399

Phone Number

Case ID: 180104377

Praecipe for Writ of Summons Bogdan Wegrzyn and Anna Wegrzyn

ADDITIONAL DEFENDANTS and ADDRESSES

AMERICAN LENDING SOLUTIONS, CORP.
1150 HEARNS DRIVE NE
SANDY SPRINGS, GA 30342

ALS RESOLVION, LLC
1150 HEARNS DRIVE NE
SANDY SPRINGS, GA 30342

IFA GROUP, INC.
d/b/a IFA GROUP
1990 US-206
SOUTHAMPTON TOWNSHIP, NJ 08088

Case ID: 180104377

Summons
USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd   5th fl   at 02 00 PM - 10/29/2018 Citacion
You must still comply with the notice below  USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE
This matter will be heard by a Board of Arbitration at the time date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties
There is no right to a trial denovo on appeal from a decision entered by a Judge

| | |
|---|---|
| BOGDAN WEGRZYN | COURT OF COMMON PLEAS |
| *Plaintiff* | Filed and Attested by the |
| | Office of Judicial Records |
| | 26 JAN 2018 03 42 pm |
| | C. MILLER |
| | _____ Term, 20___ |
| vs. | |
| | No._____ ____ |
| AMERICAN LENDING SOLUTIONS, LLC | |
| *Defendant* | |

To[1]

American Lending Solutions, LLC

American Lending Solutions, Corp, ALS

Resolvion, LLC and IFA Group, Inc. d/b/a

IFA Group

# **Writ of Summons**

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _ _____

Date:_____

180104377
26 JAN 2018 03 42 pm
C. MILLER

10-208 (Rev 6/14

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 180104377

# Court of Common Pleas

_____ Term, 20 _____

No. _____

BOGDAN WEGRZYN_____
*Plaintiff*

vs.

AMERICAN LENDING SOLUTIONS, LLC
*Defendant*

# SUMMONS

Case ID: 180104377

# *EXHIBIT B*

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

LAW OFFICE OF MICHAEL P. FORBES, P.C.
MICHAEL P. FORBES, ESQUIRE          Attorney for Plaintiffs
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
Atty. I.D. No. 55767

Filed and Attested by the
Office of Judicial Records
03 AUG 2018 12:45 pm
K. RICHARDS

| | |
|---|---|
| BOGDAN WEGRZYN | ) |
| ANNA WEGRZYN | ) |
| Plaintiffs | ) |
| | ) COMPLAINT |
| v. | ) |
| | ) |
| AMERICAN LENDING SOLUTIONS, LLC | ) |
| and | ) Case NO   18-0104377 |
| ALS RESOLVION, LLC | ) |
| and | ) |
| AMERICAN LENDING SOLUTIONS CORP. | ) |
| and | ) JURY TRIAL DEMANDED |
| IFA GROUP, INC | ) |
| d/b/a IFA GROUP | ) |
| Defendants | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

Case ID: 180104377

LAW OFFICE OF MICHAEL P. FORBES, P.C.
MICHAEL P. FORBES, ESQUIRE                    Attorney for Plaintiffs
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
Atty. I.D. No. 55767

COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| BOGDAN WEGRZYN | ) |
| ANNA WEGRZYN | ) |
| Plaintiffs | ) |
| v. | ) COMPLAINT |
| | ) |
| AMERICAN LENDING SOLUTIONS, LLC | ) |
| and | ) Case NO.: 18-0104377 |
| ALS RESOLVION, LLC | ) |
| and | ) |
| AMERICAN LENDING SOLUTIONS CORP. | ) |
| and | ) JURY TRIAL DEMANDED |
| IFA GROUP, INC. | ) |
| d/b/a IFA GROUP | ) |
| Defendants | |

## COMPLAINT

## PARTIES

1.      Plaintiff, Bogdan Wegrzyn, ("Bogdan") is a natural person residing in Philadelphia, Pa. 19066. Plaintiff is a consumer within the meanings of the FDCPA, 15 U.S.C. § 1692a(3) and the FCEUA, 73 P.S. § 2270.3.

2.      Plaintiff, Anna Wegrzyn, ("Anna") is a natural person residing in Philadelphia, Pa. 19066. Plaintiff is a consumer within the meanings of the FDCPA, 15 U.S.C. § 1692a(3) and the FCEUA, 73 P.S. § 2270.3.

3.      Defendants, American Lending Solutions, LLC and American Lending Solutions, Corp. are corporations engaged in the business of financing the purchases of motor vehicles

and/or buying, selling or servicing motor vehicles with addresses of 8927 JM Keynes Drive, Charlotte, NC 28262 and 1150 Hearns Drive NE, Sandy Springs, GA 30342, at all times relevant herein, conducted business in the Commonwealth of Pennsylvania.

4.      Defendant, ALS Resolvion, LLC, is a corporation engaged in the business of financing the purchases of motor vehicles and/or buying, selling or servicing motor vehicles with an address of 1150 Hearns Drive NE, Sandy Springs, GA 30342, at all times relevant herein, conducted business in the Commonwealth of Pennsylvania. Upon information and belief, American Lending Solutions, LLC and American Lending Solutions, Corp. and ALS Resolvion, LLC have merged into one company. (Collectively referred to herein as "ALS").

5.      Defendant, IFA Group, Inc. ("IFA") is upon information and belief, a corporation regularly engaged in the business of debt collection and automobile repossession in Philadelphia County in the Commonwealth of Pennsylvania, and with principal offices at 1990 US-206, Southampton Township, NJ 08088 and is a debt collector pursuant to 15 U.S.C. section 1692a (6) and FCEUA, 73 P.S. § 2270.3 in that, inter alia:

      a)      Defendant uses or employs persons to use tow vehicles as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

      b)      Defendant, by and through its agents, employees or workmen had no present right to possession of Plaintiffs' vehicle.

6.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiffs.

7.      At all times relevant hereto, Defendants acted by and through each other and through their agents, officers, contractors, servants, workmen and/or employees who acted within the scope of their authority and within the course of their employment.

8.      At all times relevant hereto, ALS contracted with IFA to effectuate a repossession which resulted in the wrongful taking and possession of Plaintiffs' vehicle.

9.      Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### FACTUAL ALLEGATIONS

**a)     Unlawful repossession**

10.     Plaintiff, Bogdan Wegrzyn, is the owner of the subject vehicle, 2006 Nissan Altima ("The Vehicle") which was used for personal, family or household.

11.     The vehicle was primarily used by Plaintiff, Anna Wegrzyn and was parked across the street from her residence.

12.     On or about January 27, 2017, Defendants unlawfully took possession of Plaintiffs' vehicle.

13.     On January 27, 2017, at or around 7:30 a.m. when Anna was leaving for work, she discovered that the car was missing.

14.     Anna became very upset and called the Philadelphia police department.

Case ID: 180104377

15.     Upon meeting with the police, Anna was informed that that the car had been repossessed by IFA and was provided IFA's phone number.

16.     Anna called IFA, who confirmed that it had possession of her car and told Anna to call ALS regarding the situation.

17.     Anna called ALS and was told she had to send over proof of ownership which she did.

18.     ALS admitted to Anna that it had taken possession of her car without cause.

19.     ALS informed Anna that it would contact IFA so that the car would be released to her.

20.     IFA then provided Anna with a phone number for a location which the car was supposedly located so that she could retrieve her car and personal belongings.

21.     Anna then called IFA and was informed that the car was at a different location at its New Jersey office, which was approximately thirty miles from Anna's residence.

22.     Plaintiffs went to New Jersey to retrieve their car and personal belongings.

23.     Upon arrival at the New Jersey location, Plaintiffs discovered that IFA had broken into the car and caused damage to the driver's side door frame, disabled the alarm system and that that the exhaust pipe was filled with mud.

24.     Upon demand, IFA cleaned the exhaust pipe and released the car to Plaintiffs.

25.     ALS did not have a lien on the car.

26.     Defendants had no right to take possession of the car nor remove it from Plaintiff's possession.

27.    As a direct and proximate result of Defendants' actions as aforestated, both Plaintiffs incurred financial loss including but not limited to repair costs, rental car costs and missed time from work.

28.    As a direct and proximate result of the Defendants' actions as aforestated, Plaintiffs suffered actual damages in the form of emotional distress, anxiety, embarrassment, fear, and sleeplessness, among other negative emotions and the loss of the use and enjoyment of the car.

**COUNT I**
**VIOLATION OF THE FDCPA**
**(Plaintiffs v. IFA Group)**

29.    Plaintiffs incorporates paragraphs 1 through 28 as though set forth at length herein.

30.    Non-judicial repossessions are an inherently dangerous activity and inherently involve the risk of confrontation and violence.

31.    At all times relevant hereto, Defendants were attempting to collect an alleged debt which was in default and was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. section 1692a(5).

32.    Defendants, by their conduct as described above, violated the FDCPA as follows:

    a)    §1692d engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person;

    b)    §1692f, by use of any unfair or unconscionable means to collect or attempt to collect the alleged debt;

Case ID: 180104377

(c)     §1692f (6) by taking non-judicial action in the form of a self-help car repossession to effect dispossession or disablement of property with no present right of possession.

33.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiffs have suffered damages in the form of mental anguish, emotional distress, anger, anxiety, frustration, fear, loss of sleep, embarrassment and humiliation.

34.     As a direct and proximate result of Defendants' actions, Plaintiffs incurred actual damages including but not limited to repair costs to the vehicle, costs for a rental car while the vehicle was in the shop and lost time from work.

35.     Plaintiffs have been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees in accordance with 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Bogdan Wegrzyn and Anna Wegrzyn, pray that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1)     An Order declaring that Defendants violated the FDCPA;

(2)     Actual damages;

(3)     Statutory Damages under the FDCPA;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

### COUNT II – Violation of U.C.C.
### (Plaintiffs v. All Defendants)

36.     Plaintiffs incorporate paragraphs 1 through 35 as though set forth at length herein.

Case ID: 180104377

37.   The "repossession" of the subject vehicle by the Defendants falls within the definition of "consumer goods" contained in 13 Pa. C.S.A. § 9102.  The transaction in question was a consumer-goods transaction in that Plaintiffs owed the obligation primarily for personal, family or household purposes, and the collateral was consumer goods.

38.   In the course of the transaction with Plaintiffs, Defendants violated the provisions of Article 9, Part 6 of the Pennsylvania U.C.C. Section 623 of the Motor Vehicle Sales Finance Act and the Delaware UCC §9-609, including, but not limited to committing a breach of the peace causing damage to private property in the repossession of the subject Vehicle in violation of 13 Pa. C.S.A. § 9609(b) (2) by:

a)   Using forcible means in an attempted repossession resulting in damage to property;

b)   Damaging personal property not subject to a loan agreement.

39.   These U.C.C. violations caused Plaintiffs actual damages and extreme emotional distress, loss of vehicle, loss of the use of vehicle and, in additional and/or in the alternative, statutory damages under 13 Pa. C.S.A. § 9625.

WHEREFORE, Plaintiffs, Bogdan Wegrzyn and Anna Wegrzyn, pray that judgment be entered against Defendants, individually, jointly and severally in an amount allowed under the Pennsylvania Commercial Code and attorney's fees and costs and any other relief deemed as just and appropriate.

## COUNT III

**VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)**
**73 P.S. § 2270.1 *et seq.***
**(Plaintiffs v. All Defendants)**

40.   Plaintiffs incorporates paragraphs 1 through 39 as though set forth at length herein.

41.     Defendant ALS is a "creditor" and, along with the remaining Defendant who is a "debt collector" as defined by 73 P.S. § 2270.4 of the FCUEA

42.     Plaintiffs are "consumer" as defined by 73 P.S. § 2270.4 of the FCUEA.

43.     Because Defendants took possession of the subject vehicle without right, Defendants are in violation of the UCC and the Pennsylvania Motor Vehicle Sales Finance Act, 69 P.S. § 623(a).

44.     All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

45.     The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA as evidenced by the following conduct:

<ul>
<li>a)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;</li>
<li>b)     The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;</li>
<li>c)     Attempting to collect any amount not authorized by agreement or permitted by law;</li>
<li>d)     Taking property without a present right of possession;</li>
<li>(e)     A violation of the FDCPA is a violation of the FCEU.</li>
</ul>

46.     As a result of the above violations of the FCUEA, Plaintiffs has suffered ascertainable loss in the value of the trailer and repair costs and the driveway repair costs entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

47.   As a result of the unlawful taking of Plaintiffs' vehicle by Defendants, Plaintiffs had lost the unfettered use and enjoyment, loss of value of the vehicle, emotional distress, and damage to the vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Bogdan Wegrzyn and Anna Wegrzyn, pray that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1)   An Order declaring that Defendants violated the FCEU;

(2)   Actual damages;

(3)   Treble damages;

(4)   Reasonable attorney's fees and costs;

(5)   Such other and further relief that the Court deems just and proper.

## COUNT IV
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.
### (Plaintiffs v. All Defendants)

48.   Plaintiffs incorporate paragraphs 1 through 47 as though set forth at length herein.

49.   Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

50.   Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants as set forth above.

51.   Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

Case ID: 180104377

WHEREFORE, Plaintiffs, Bogdan Wegrzyn and Anna Wegrzyn, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1)    An Order declaring that Defendants violated the UTCPL

(2)    Actual damages;

(3)    Treble damages,

(4)    Reasonable attorney's fees and costs;

(5)    Such other and further relief that the Court deems just and proper.

## COUNT V
## CONVERSION

52.    Plaintiffs incorporate paragraphs 1 through 51 as though set forth at length herein.

53.    Defendants, without right or justification, took possession, dominion and/or control of Plaintiffs' vehicle and denied Plaintiffs use and quiet enjoyment thereof and withheld and refused to return it.

54.    As a result of the Defendants' misconduct, Plaintiffs were deprived of the use and enjoyment of the subject vehicle, incurred costs and expenses for repairs, rental vehicle, lost time from work and incurred inconveniences, frustration and other emotional distress.

55.    Defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties set forth in this Count and to Plaintiffs' indivisible harm and damages more fully described above and below, and render the Defendants jointly and severally liable to the Plaintiffs.

56.    As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiffs have suffered damages in the form of mental anguish, emotional distress, anger, anxiety, frustration, fear, loss of sleep, embarrassment and humiliation as well as out of pocket costs, lost time from work and loss of the use and enjoyment of the vehicle.

WHEREFORE, Plaintiffs, Anna Wegrzyn and Bogdan Wegrzyn, request judgment against all Defendants, individually, jointly and/or severally in an amount not in excess of Fifty Thousand Dollars ($50,000.00) as long as this matter remains in arbitration plus punitive damages, costs and attorneys' fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT V
### NEGLIGENCE

57.     Plaintiffs incorporate paragraphs 1 through 56 as though set forth at length herein.

58.     Non-judicial repossessions are inherently dangerous and include the foreseeable risk of confrontation, violence and tortious acts.

59.     Defendants had a non-delegable duty to ensure that any non-judicial repossession would be effectuated in accordance with the law and without a breach of the peace or damage to the vehicle.

60.     In order to fulfill its non-delegable duty to guarantee that any non-judicial repossessions were effectuated in accordance with the law and without a breach of the peace, had a duty to exercise reasonable care in the repossession of vehicles.

61.     Defendants breached their non-delegable duty in the following manner.

    1)      Taking control and possession of the Plaintiff's vehicle which was not the subject to repossession;
    2)      Causing damage to Plaintiffs' vehicle.

62.     As a result of the Defendants' misconduct, Plaintiffs were deprived of the use and enjoyment of the subject vehicle, incurred costs and expenses for repairs and incurred inconveniences and frustration and other emotional distress.

63.     Defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties set forth in this Count and to Plaintiffs' indivisible harm and damages more fully described above and below, and render the Defendants jointly and severally liable to the Plaintiffs.

64.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiffs have suffered damages in the form of mental anguish, emotional distress, anger, anxiety, frustration, fear, loss of sleep, embarrassment and humiliation as well as out of pocket costs, lost time from work and loss of the use and enjoyment of the vehicle.

WHEREFORE, Plaintiffs, Anna Wegrzyn and Bogdan Wegrzyn, request judgment against all Defendants, individually, jointly and/or severally in an amount not in excess of Fifty Thousand Dollars ($50,000.00) as long as this matter remains in arbitration plus punitive damages, costs and attorneys' fees and any other relief that this Honorable Court deems just and appropriate.

## COUNT VII
## TRESPASS TO CHATTEL

65.     Plaintiffs incorporate paragraphs 1 through 64 as though set forth at length herein.

66.     Plaintiffs were in possession and control of their vehicle.

67.     Defendants intentionally dispossessed Plaintiffs' vehicle without their permission or consent.

68.     Defendants used or intermeddled with Plaintiffs' vehicle without Plaintiffs' permission or consent.

69.     As a result of the Defendants' misconduct, Plaintiffs were deprived of the use and enjoyment of the subject vehicle, the use and enjoyment of the amount financed, will incur costs

and expenses for replacement vehicles, incurred inconveniences and frustration, together with the other damages set forth above and below.

70.     Defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties set forth in this Count and to Plaintiffs' indivisible harm and damages more fully described above and below, and render the Defendants jointly and severally liable to the Plaintiffs.

WHEREFORE, Plaintiffs, Anna Wegrzyn and Bogdan Wegrzyn, request judgment against all Defendants, individually, jointly and/or severally in an amount not in excess of Fifty Thousand Dollars ($50,000.00) as long as this matter remains in arbitration plus punitive damages, costs and attorneys' fees and any other relief that this Honorable Court deems just and appropriate.

Respectfully submitted,

Law of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiffs
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

Case ID: 180104377

## VERIFICATION

I, Michael P. Forbes, Esquire, am the attorney for Plaintiffs, Bogdan Wegrzyn and Anna Wegrzyn and hereby verify that the information in the foregoing Motion is true and correct to the best of my knowledge and belief under penalty of 18 PA.C.S. Sec. 4904, relating to unsworn falsification to authorities,

MICHAEL P. FORBES, ESQUIRE

Date: 8|3|18

LAW OFFICE OF MICHAEL P. FORBES, P.C.
MICHAEL P. FORBES, ESQUIRE                         Attorney for Plaintiffs
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
Atty. I.D. No. 55767

## COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| BOGDAN WEGRZYN | |
| ANNA WEGRZYN | ) |
|       Plaintiffs | ) |
|          v. | ) COMPLAINT |
| | ) |
| AMERICAN LENDING SOLUTIONS, LLC | ) |
|      and | ) Case NO.: 18-0104377 |
| ALS RESOLVION, LLC | ) |
|      and | ) |
| AMERICAN LENDING SOLUTIONS CORP. | ) |
|      and | ) JURY TRIAL DEMANDED |
| IFA GROUP, INC. | ) |
| d/b/a IFA GROUP | ) |
|       Defendants | |

## CERTIFICATE OF SERVICE

I hereby certify that Amended Complaint in the above referenced matter was sent via U.S. mail, first class and/or telefax on this day to all parties as listed below:

Mr. Martin Chapman
ALS Resolvion
1150 Lake Hearns Drive NE
Suite 640
Sandy Springs, GA 303

Mr. Martin Chapman
American Lending Solutions, LLC
8927 JM Keynes Drive
Charlotte, NC 28262

Mr. Joseph McOwen
IFA Group, Inc.
d/b/a IFA Group
1990 US-206
Southampton Township, NJ 08088

Date:  8/3/18                    BY: _____
                                      MICHAEL P. FORBES, ESQUIRE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOGDAN WEGRZYN
ANNA WEGRZYN,

    Plaintiffs

    v.

AMERICAN LENDING SOLUTIONS, LLC
    and
ALS RESOLVION, LLC
    and
AMERICAN LENDING SOLUTIONS CORP.
    and
IFA GROUP, INC.
d/b/a IFA GROUP

    Defendants.

DOCKET NO.: **18   3571**

A CIVIL ACTION

JURY TRIAL DEMANDED

**FILED**

AUG 2 2 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## CERTIFICATE OF SERVICE

I, Bruce S. Luckman, hereby certify that, on the date set forth below, I served a copy of

the within Notice of Removal, Disclosure Statement, and all accompanying papers, upon the

following counsel via first-class mail, postage-prepaid:

Michael P. Forbes, Esquire
200 Eagle Road, Suite 50
Wayne, PA 19087
***(Attorneys for Plaintiffs Bogdan Wegrzyn and Anna Wegrzyn)***

Mr. Joseph McOwen
IFA Group, Inc.
d/b/a IFA Group
1990 US-206
Southampton Township, NJ 08088

Dated: August 2⅔, 2018

Respectfully submitted,

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
Bruce S. Luckman



Michael Dube
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
E-Mail: bluckman@shermansilverstein.com

*Attorneys for Defendants American Lending
Solutions, LLC, ALS Resolvion, LLC, and American
Lending Solutions Corp.*

JS 44 (Rev 06/17)  **CIVIL COVER SHEET**  18 CV 3571

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS
Bogdan Wegrzyn and Anna Wegrzyn

## DEFENDANTS
18   3571

American Lending Solutions, LLC, ALS Resolvion, LLC, American Lending Solutions Corp , and IFA Group, Inc , d/b/a IFA Group

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Out-of-State
*(IN U S. PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael P Forbes, Esquire, 200 Eagle Road, Suite 50, Wayne, PA 19087, 610-991-3321

Attorneys *(If Known)*
Attorneys for First Three Defendants  Bruce S  Luckman and Michael Dube, Sherman, Silverstein, Kohl, Rose & Podolsky, P A , 308 Harper Drive, Suite 200, Moorestown, NJ 08057, 856-662-0700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government Plaintiff
☒ 3   Federal Question *(U S Government Not a Party)*
☐ 2   U S Government Defendant
☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
15 U S C  §§ 1692-1692p
Brief description of cause
Alleged violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F R Cv P
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

AUG 22 2018

DATE  August 21, 2018
SIGNATURE OF ATTORNEY OF RECORD
Bruce S Luckman

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

18    3571

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _ _ _ _ _ _ Unknown (Removal Case) _ _ _ _ _

Address of Defendant _ _ _ _ _ 1150 Lake Hearn Drive, Suite 640 Sandy Springs, GA 30342 _ _ _ _ _

Place of Accident, Incident or Transaction: _ _ _ _ Alleged to be Philadelphia, Pennsylvania _ _ _ _

---

**RELATED CASE, IF ANY:**

Case Number _ _ Not applicable _ _ _ Judge. _ _ _ _ _ _ _ _   Date Terminated _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE   8/22/18 _ _ _ _ _ _ _ _ _   _ _ _ _ _ _ _ _ _ _

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases.*

☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2   FELA
☐ 3.  Jones Act-Personal Injury
☐ 4   Antitrust
☐ 5   Patent
☐ 6   Labor-Management Relations
☐ 7   Civil Rights
☐ 8   Habeas Corpus
☐ 9   Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11  All other Federal Question Cases
      *(Please specify)* _ _ _  15 U S C §§ 1692-1692p _ _ _ _

**B.**  *Diversity Jurisdiction Cases.*

☐ 1   Insurance Contract and Other Contracts
☐ 2   Airplane Personal Injury
☐ 3   Assault, Defamation
☐ 4   Marine Personal Injury
☐ 5   Motor Vehicle Personal Injury
☐ 6   Other Personal Injury *(Please specify)* _ _ _
☐ 7   Products Liability
☐ 8   Products Liability  Asbestos
☐ 9   All other Diversity Cases
      *(Please specify)* _ _ _  _ _ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Not applicable (Removal Case) , counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

AUG 22 2018

DATE _ _ _ _ _ _ _ _ _ _ _ _ _ _   _ _ _

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA** 18   3571

### CASE MANAGEMENT TRACK DESIGNATION FORM

Bogdan Wegrzyn Anna Wegrzyn               :          CIVIL ACTION
                                          :
                    v.                    :
                                          :
American Lending Solutions, LLC, et al.:             NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

August 22, 2018                                        American Lending Solutions, LLC,
                                                       ALS Resolvion, LLC, and
                                                       American Lending Solutions Corp.
_____       _____            _____
**Date**                 **Attorney-at-law**           **Attorney for**

856-662-0700             856-488-4744                  bluckman@shermansilverstein.com
_____       _____            _____
**Telephone**            **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

AUG 22 2018